110 F.3d 69
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert F. MILLER, Plaintiff-Appellant,
v.
CONTINENTAL CASUALTY COMPANY, Defendant-Appellee.
 No. 96-15096.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted March 3, 1997.
Decided April 1, 1997.
 
 Before: REINHARDT, HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert F. Miller was injured in a car accident on his way to work. Almost a year later, he permanently stopped working due to the injuries he sustained in the accident. Miller contends he is entitled to $514,176--the amount of coverage provided under his employer's Continental Business Travel Accident policy in effect at the time he became totally disabled and stopped working. Continental Casualty Co. ("Continental"), the insurer, contends Miller is entitled only to $350,000--the amount of coverage provided under the policy in effect at the time of the accident that caused the disability. The district court agreed with Continental and granted summary judgment in its favor.
 
 
 3
 On appeal, Miller argues that the district court erred in granting Continental's Motion for Summary Judgment. We affirm the district court's decision for the reasons given by the district court in its unpublished Order of December 7, 1995. See Robert F. Miller v. Continental Casualty Co., No. CV-95-00414-FMS (N.D.Cal. Dec. 7, 1995) (Order (1) Granting Defendant's Motion of Summary Judgment; (2) Denying Plaintiff's Motion for Summary Judgment; (3) Denying Parties' Cross Motions for Fees and Costs; and (4) Vacating December 15, 1995 Hearing).
 
 
 4
 We deny Continental's request to impose sanctions on Miller under Federal Rule of Appellate Procedure 38 for bringing a frivolous appeal. As the district court pointed out, the law interpreting this type of ERISA policy is sparse at best and Miller should not be faulted for pursuing his claim vigorously. Although ultimately unconvincing, Miller's interpretation of the cases was presented in good faith.
 
 
 5
 AFFIRMED.
 
 REINHARDT, Circuit Judge, dissenting:
 
 6
 I dissent. Because Miller's claim did not ripen until he became permanently disabled, he is in my opinion entitled to the benefit amount applicable at that time. I do not believe that result is changed by virtue of the fact that prior to Miller's disability becoming permanent, Continental substituted a new and updated policy for the one that had been amended from time to time over a period of years. I would reverse and award Miller the increased benefits to which he was entitled under the policy in effect at the time he became permanently disabled.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3